**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                   Case No.: 8:23-cr-469-TPB-AAS

LUDWIN BORGEN,

    Defendant.

                               /

**ORDER DENYING "DEFENDANT'S MOTION FOR JUDGMENT OF**
**ACQUITTAL AND MOTION FOR NEW TRIAL"**

This matter is before the Court on "Defendant's Motion for Judgment of

Acquittal and Motion for New Trial," filed by counsel on April 14, 2026.  (Doc. 90).  The

Government filed a response in opposition on April 28, 2026.  (Doc. 93).  Upon review

of the motions, response, court file, and the record, the Court finds as follows:

**Background**

Defendant Ludwin Borgen was charged with distribution of fentanyl resulting

in death.  (Doc. 1).  Following a three-day jury trial, a jury found that Defendant

distributed fentanyl to the victim, Paige McNeal, and that her death resulted from the

use of that fentanyl.  (Docs. 81; 82).  Defendant has timely moved for either judgment

of acquittal or, alternatively, a new trial.

**Legal Standard**

*Judgment of Acquittal*

Under Federal Rule of Criminal Procedure 29, "[a]fter the government closes its

evidence or after the close of all the evidence, the court on the defendant's motion must

enter a judgment of acquittal of any offense for which the evidence is insufficient to

sustain a conviction." Fed. R. Crim. P. 29(a). The court may reserve ruling, and after a jury verdict, the defendant may renew his motion. Fed. R. Crim. P. 29(c).

When deciding a Rule 29 motion, a district court must "determine whether, viewing all evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *United States v. Grisby*, 111 F.3d 806, 833 (11th Cir. 1997) (quoting *United States v. O'Keefe*, 825 F.2d 314, 319 (11th Cir. 1987)). For a defendant to successfully challenge a jury's guilty verdict based on insufficiency of the evidence, it must be established that "no reasonable jury could have found [the defendant] guilty beyond a reasonable doubt on the evidence presented." *United States v. Ruiz*, 253 F.3d 634, 639 (11th Cir. 2001).

### New Trial

A new trial may be granted either in the interests of justice or on the basis of newly discovered evidence. Fed. R. Crim. P. 33(e); *United States v. Ramos*, 179 F.3d 1333, 1336 n.1 (11th Cir. 1999). Here, Defendant appears to present only the interests of justice as a reason for new trial – he does not cite to any newly discovered evidence.

The trial court maintains discretion to decide whether to grant a motion for new trial, *United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994), and when deciding whether to grant a motion for new trial, the trial court must give proper deference to the jury's factual findings. *See United States v. Pedrick*, 181 F.3d 1264, 1267 (11th Cir. 1999). "On a motion for a new trial based on the weight of the evidence, the court need not view the evidence in the light most favorable to the verdict. It may weigh the

evidence and consider the credibility of the witnesses." *United States v. Hernandez*, 433 F.3d 1328, 1335 (11th Cir. 2005) (citation and quotation omitted).

Importantly, the Eleventh Circuit Court of Appeals has made it clear that "[a] motion for new trial must be viewed with 'great caution.'" *United States v. Reed*, 887 F.2d 1398, 1404 (11th Cir. 1989) (citation omitted); *United States v. Williams*, 146 F. App'x 425, 434 (11th Cir. 2005). The trial court is not permitted to "reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *United States v. Martinez*, 763 F.2d 1297, 1312-13 (11th Cir. 1985). Instead, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.* at 1313. Ultimately, "[m]otions for new trials based on the weight of the evidence are not favored" and should be granted in only "really exceptional cases." *Id.* (citation and internal quotation omitted).

### Analysis

Defendant argues that he is entitled to either acquittal or a new trial, essentially arguing that the jury verdict was contrary to the greater weight of the evidence. However, viewing all evidence in the light most favorable to the Government, and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, the Court ultimately concludes that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt.

The evidence of guilt includes testimony and text messages establishing that Defendant was the only drug dealer who met with Paige McNeal on the day of her death; text messages making it clear that Paige McNeal had no other drugs in her

possession; video of an encounter between Defendant and Paige McNeal at the CVS where they had arranged to meet for the drug transaction, a few hours before Paige McNeal's death; records of a transaction on CashApp showing that Paige McNeal paid Defendant for the fentanyl; and text messages between Defendant and Paige McNeal confirming that the transaction took place.  The evidence introduced at trial also included photographs taken by first responders documenting an empty syringe floating in the bathtub where Paige McNeal died; the toxicologist's finding that Paige McNeal's peripheral blood had a concentration of fentanyl consistent with the range observed in overdose cases and ten times higher than the therapeutic concentration; and the testimony of Dr. Ryan McCormick, an associate medical examiner, who testified that while he formally determined the cause of death to be drowning, there was no reason for Paige McNeal to drown in the bathtub but for her fentanyl intoxication.

Although Defendant argues that Dr. McCormick's testimony that fentanyl intoxication was the but-for cause of Paige McNeal's death was inadmissible, the application of Rule 704 does not preclude an opinion just because it embraces an ultimate issue.  It is not unusual for a medical examiner to testify as to the cause of death of a victim, and Defendant was able to cross-examine Dr. McCormick on his opinions and present his own expert on the issue of causation.  The jury simply disagreed with Defendant's position.  And although Dr. McCormick provided some somewhat confusing testimony when explaining his findings and conclusions on rebuttal, he did not recant his findings about Paige McNeal's death or give wildly

inconsistent testimony that no reasonable trier of fact could reply on to support the verdict in this case.[1]

Viewing all evidence in light most favorable to the Government, and drawing all reasonable inferences and credibility determinations in favor of the jury's verdict, a reasonable trier of fact could find that the evidence presented at trial established guilt beyond a reasonable doubt. None of the arguments presented by Defendant warrant acquittal or a new trial. Consequently, Defendant's motion is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>29th</u> day of June, 2026.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE

---

[1] The Court acknowledges that when asked if there was a but-for cause of Paige McNeal's drowning, Dr. McCormick said "no," an answer inconsistent with his testimony with the Government's case in chief, his testimony moments prior at the beginning of his rebuttal testimony, and testimony that he gave immediately after. It appears that he either misunderstood the question or misspoke because a review of the testimony reflects that Dr. McCormick otherwise consistently testified that it was more likely than not that fentanyl intoxication caused Paige McNeal to drown. One isolated and inconsistent statement such as this, especially one that was corrected after it was made, it not an appropriate basis for a judgment of acquittal or new trial.